IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| NANCY R. COOPER,[1] | § |
| | § No. 642, 2014 |
| Petitioner Below, | § |
| Appellant, | § |
| | § |
| | § Court Below—Family Court |
| v. | § of the State of Delaware |
| | § in and for Kent County |
| FRANK I. COOPER, III, | § |
| | § File No. CK10-02732 |
| Respondent Below, | § Petition No. 14-03671 |
| Appellee. | § |

Submitted: April 17, 2015
Decided: June 22, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 22nd day of June 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Nancy R. Cooper (the "Wife"), filed this *pro se* appeal from a Family Court order requiring the Wife to transfer her interest in real property (the "Property") to the appellee, Frank I. Cooper, III (the "Husband"). On appeal, the Wife contends that the Family Court did not address a mortgage on the Property and that the Property should be sold so she can be removed from the mortgage. We agree that the Family Court should have addressed removal of the

_____

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

1

Wife's name from the loan on the Property. Accordingly, we remand this matter to the Family Court to address the removal of the Wife's name from the loan on the Property.

(2) The Wife and the Husband were married on July 12, 2008. In a quitclaim deed dated July 18, 2008, the Husband transferred the Property to himself and the Wife. The parties obtained a home equity loan and/or mortgage on the Property.[2] Both parties' names appear on the loan.

(3) The Husband and the Wife resided on the Property until the Wife moved out in the spring of 2010. The parties divorced on December 23, 2010. The Property was not disposed of in ancillary proceedings to the divorce.

(4) On February 19, 2014, the Wife, with the assistance of counsel, filed a petition for partition of real property under 10 *Del. C.* § 921(14). The Wife sought partition of the Property and a timeshare in Virginia. The Husband filed an answer opposing sale of the Property. A hearing on the Wife's petition was held on September 15, 2014.

(5) At the hearing, the Wife dismissed the petition as to the Virginia timeshare and pursued partition of the Property. The Wife testified that she sought sale of the Property to remove her name from the mortgage because the Husband's

---

[2] The Wife referred to a mortgage throughout the Family Court proceedings. The Husband referred to a home equity loan and a mortgage in the Family Court proceedings. In its order, the Family Court referred to a home equity loan and mortgage.

2

failure to make timely mortgage payments negatively affected her credit rating. The Wife testified that she had not made any mortgage payments since the divorce and that the Husband was to blame for the parties' lack of success in having her name removed from the mortgage. The Wife indicated that she was amenable to the Husband buying her interest in the Property.

(6)     The Husband testified that he made most of the mortgage payments during the marriage and that Wife had not made any payments since leaving. According to the Husband, he had pursued various options for removing the Wife's name from the loan, but the Wife had not cooperated with those efforts and that he could not raise the money demanded by the Wife for the purchase of her interest in the Property. The Husband opposed sale of the Property because he owned it before transferring it to himself and the Wife and he resided there with his children and new wife. The Husband did not dispute the Wife's contention that the value of the Property was $160,000.00. As of September 12, 2014, the outstanding loan principal was $98,125.78.

(7)     In an order dated October 20, 2014, the Family Court decided that it would be most equitable for the Husband to purchase the Wife's interest in the Property, rather than to order a sale of the Property. After concluding that the Wife should receive $3,444.00 of the equity in the Property, the Family Court ordered the Wife to transfer her interest in the Property to the Husband and the Husband to

pay the Wife $3,444.00. The Wife was responsible for the costs of the deed preparation and the Husband was responsible for the costs of recording the deed. This appeal followed.

(8)     This Court's review of a Family Court decision includes a review of both the law and the facts.[3] Conclusions of law are reviewed *de novo*.[4] Factual findings will not be disturbed on appeal unless they are clearly erroneous.[5]

(9)     On appeal, the Wife argues that the Family Court addressed the equity in the Property, but did not address the mortgage on the Property. The Wife seeks sale of the Property so she can be removed from the mortgage and begin to rebuild her credit. The Wife does not challenge how the Family Court calculated her share of the equity in the Property.

(10)    Under 10 *Del. C.* § 921(14), the Family Court must apply "equitable principles" in dividing jointly titled real property. Based upon the Family Court's order, the Wife will not have an interest in the Property or appear on the deed, but will remain liable on the Property loan. The Wife will also remain subject to the negative consequences of any late or missed loan payments by the Husband. The Family Court's failure to address the removal of the Wife's name from the loan on

---

[3] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).

[4] *Id.*

[5] *Id.*

4

the Property does not reflect the application of "equitable principles."[6] Accordingly, this matter is remanded for the Family Court to address the removal of the Wife's name from the loan on the Property.

NOW, THEREFORE, IT IS ORDERED that this matter is remanded for further proceedings. Jurisdiction is not retained.

BY THE COURT:


/s/ Randy J. Holland
Justice

---

[6] 10 *Del. C.* § 921(14). *See also Derby v. Derby*, 1991 WL 247787, at *2 (Del. Oct. 24, 1991) (recognizing that Section 921(14) "confers upon the Family Court the same equitable power formerly exercised by the Court of Chancery in partition proceedings"); *Monroe Park v. Metropolitan Life Ins. Co.*, 457 A.2d 734, 737 (Del. 1983) ("[E]quity regards that as done which in good conscience ought to be done.").